IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Islam Dunn, ) | |
| ) | No. 2:14-cv-2277-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Warden Michael Bush, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 31), recommending that Respondent's Motion for Summary Judgment be granted. No objections have been filed to the R & R. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 22) is **GRANTED**.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as is the case here, where no objections are made, this Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting

the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Petitioner raised three grounds in his habeas petition: (1) that his guilty plea was involuntary because plea counsel "allowed the solicitor to use an intimidation tactic" of pressuring him to pled guilty by "persuading [his] dad (co-defendant) to coerce [him] to plead guilty against [his] will"; (2) that his guilty plea was involuntary due to trial counsel's failure to object to the trial judge's "threatening remark" that he would receive less time if he pled guilty than if he proceeded to trial and lost; and (3) that his appellate counsel was constitutionally ineffective. (Dkt. No. 1). The Court agrees with the Magistrate Judge that Grounds 1 and 3 are procedurally barred because the PCR court did not rule on them, and Petitioner did not file a Rule 59(e) motion.[1]

The Court also agrees with the Magistrate Judge that the PCR court's decision on Ground 2 was not contrary to, or an unreasonable application of, clearly established federal law as established by the Supreme Court or based on an unreasonable determination of the facts. *See Brady v. United States*, 397 U.S. 742, 751 (1970) ("We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of

---

[1] If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Because Petitioner did not do so, he failed to fairly present his claim to South Carolina's appellate courts and bypassed his state court remedies.

possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.").

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 31) as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 22) is **GRANTED** and the habeas petition is **DISMISSED WITH PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 13, 2015
Charleston, South Carolina